Filed 4/16/26  P. v. Delarosa CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>JOURDAN DELAROSA,<br>        Defendant and Appellant. | C103057<br><br>(Super. Ct. No. 23F9833) |

Appointed counsel for defendant Jourdan Delarosa asks this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to him, we will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2023, Delarosa entered a Safeway store in Shasta County and put three bottles of alcohol in a bag.  A store employee who was familiar with Delarosa and his history of stealing from the store approached Delarosa, who told her he was going to stab her.  Delarosa was later contacted by law enforcement and admitted taking three bottles of alcohol without paying for them but denied threatening to stab anyone.

1

The People charged Delarosa with second degree robbery (Pen. Code,[1] § 211) and alleged that he had a prior serious or violent felony conviction for residential burglary in 2018 (§§ 1170.12 & 667, subd. (a)(1)). The information was later amended to allege Delarosa was on bail in case No. 23F1622 when he committed the robbery (§ 12022.1).

Pursuant to a plea agreement with an agreed sentence of nine years four months in prison, Delarosa pled guilty to robbery in case No. 23F9833, admitted the 2018 residential burglary prior strike conviction, and admitted the out-on-bail allegation. Also pursuant to the plea agreement, Delarosa pled guilty in case No. 23F1622 to receipt of a stolen vehicle (§ 496d, subd. (a)) and admitted the 2018 residential burglary prior strike conviction. The People also agreed to dismissal of several other cases in exchange for Delarosa's pleas.

The court took Delarosa's pleas and sentenced Delarosa in cases Nos. 23F9833 and 23F1622 in the same proceeding. In case No. 23F9833, Delarosa was sentenced to the middle term of three years, doubled to six years due to the prior strike, on the robbery conviction, and then an additional two years for the out-on-bail allegation, for a total of eight years. In case No. 23F1622, Delarosa was sentenced to one third the middle term of eight months, doubled to 16 months due to the prior strike. With both sentences running consecutive, the total sentence was nine years four months, as the parties had agreed. Delarosa was found to have 392 days' actual credit and 58 days of conduct credit, for a total of 450 days' credit for time served. The court ordered Delarosa to pay a restitution fine of $300 (§ 1202.4), with an additional $300 fine stayed (§ 1202.45). The court dismissed the remaining cases against Delarosa with *Harvey*[2] waivers for restitution.

---

[1]   Undesignated statutory references are to the Penal Code.

[2]   *People v. Harvey* (1979) 25 Cal.3d 754.

Delarosa filed multiple timely notices of appeal in case No. 23F9833 and was denied a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Delarosa was advised by counsel of the right to file a supplemental brief within 30 days of the filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from Delarosa.  We have undertaken an examination of the record and conclude there is no arguable error that would result in a disposition more favorable to him.

## DISPOSITION

The judgment is affirmed.


/s/
_____
EARL, P. J.

We concur:


/s/
_____
MAURO, J.


/s/
_____
MESIWALA, J.

3